UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 MAR 23  PM 4: 57

CLERK
BY _____
DEPUTY CLERK

**ALISHA BEAM,**

**PLAINTIFF**

CASE NO.: 2:20-cv-46

vs.

**BELLOWS FALLS VERMONT VILLAGE CORPORATION,
MUNICIPALITY OF ROCKINGHAM, VERMONT,
BELLOWS FALLS, VERMONT POLICE DEPARTMENT,
RONALD LAKE &
MARIO CHECCHI,**

**DEFENDANTS.**

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

## *COMPLAINT AND JURY DEMAND*

PLAINTIFF brings this action for gender discrimination, retaliation, and sexual harassment, in violation of Vermont's Fair Employment Practices Act, and intentional infliction of emotional distress, defamation, and *promissory estoppel* (breach of implied contract) against defendants Bellows Falls Vermont Village Corporation, Municipality of Rockingham Vermont, the Bellows Falls Vermont Police Department, Ronald Lake, and Mario Checchi, as follows:

## **JURISDICTION AND VENUE**

1. Plaintiff is a female who was the dispatcher and office administrator for the Village, the Municipality and the Bellows Falls Police Department for almost seventeen years.

2. Plaintiff resides in Acworth, New Hampshire.

3. Defendants are the Village of Bellows Falls Corporation ("Village") and the Municipality of Rockingham in the town of Rockingham in Windham County,

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

1 of 14

Vermont ("the Municipality") and its police department ("BFPD"), Ronald Lake, chief of police ("Lake") and police sergeant Mario Checchi ("Checchi").

4. The individual defendants are employees of the Village and BFPD.

5. The case is filed in this Court pursuant to the federal <u>diversity</u> statute, 29 U.S.C. §1332 because the parties have <u>diversity</u> of citizenship between Vermont and New Hampshire.

6. The amount in controversy exceeds $100,000.

## INTRODUCTION

### The Plaintiff

7. Plaintiff's duties included responding to telephone reports of emergencies and other police-related messages and communications, including 911 calls from citizens.

8. Plaintiff processes and records all criminal cases and prepares them for the State Attorney; she also gathers statistics and prepares reports for the Chief of Police.

9. Plaintiff is also BFPD's Terminal Agency Coordinator; in that role, she is responsible for the agency's compliance with all state and federal regulations concerning criminal justice programs and information and is the department's principal contact with the state and federal agencies.

10. Plaintiff also serves as the National Crime Information Center (NCIC) auditor; her responsibilities also include the Village's reporting to the National Incident Based Reporting System (NIBRS), which requires extremely accurate reporting to the Federal Bureau of Investigation (FBI) for department and crime statistics, requiring her to scrutinize every criminal case within the BFPD to ensure proper coding, entry into the system and related procedures.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

2 of 14

## The Defendants

11. Plaintiff incorporates paragraphs 1-10 into this section.

12. Defendant Village is an incorporated municipality located in Windham County, Vermont; it operates under a city charter.

13. Defendant Municipality encompasses three separate and distinct municipal governmental units – one each for the Villages of Bellows Falls and Saxtons River, and one for the Town of Rockingham overall.

14. Defendant Ronald Lake was a former Village and Municipality police chief.

15. Defendant Sergeant Mario Checchi is a Village and Municipality police officer.

## Factual Background and Allegations

16. As the primary department dispatcher plaintiff commences investigative cases within the "VALCOUR" dispatch system, used to document all activities of the department's officers including their duty time.

17. Another component of plaintiff's duties is the obligation to maintain a radio log for each departmental officer, meaning a running tally of their activities in general and also specific criminal cases, which departmental officers use for their reporting and the prosecutor and defense counsel use as a record of the case.

18. Despite plaintiff's duties to track, record, report and process all enforcement activities, including serious criminal matters, defendant Checchi refuses to communicate properly with plaintiff; for example, each day, he reports to work without informing plaintiff, making her job extremely difficult; it is also against departmental policy as well as standard practice related to reporting accuracy and safety for departmental officials and area citizens.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

3 of 14

19. Defendant Checchi's conduct makes it impossible to maintain an accurate radio log for him especially where other officers require back-up coverage.

20. Checchi repeatedly refused to cooperate with plaintiff as she attempted to fulfill her duties to the department and the community.

21. Checchi reported false information to her about criminal cases.

22. Checchi also made denigrating comments about plaintiff personally to others, undermining her development and processing of case records for the department and other enforcement agencies as well as her ability to maintain professional relationships with them.

23. Defendant Checchi continually harasses the plaintiff by refusing to cooperate with her as she administers and processes criminal cases through the department and coordinates them with the state's attorney and other enforcement agencies.

24. Checchi's conduct undermines the plaintiff and endangers community enforcement and safety.

25. Checchi's conduct towards plaintiff was severely abusive.

26. Checchi's conduct purposefully undermines the plaintiff with other officers, administrators and personnel as well as other enforcement agencies.

27. The plaintiff has complained many times about Sergeant Checchi's conduct to defendant chief of police Lake and the municipal manager, Wendy Harrison.

28. The municipal officials have admonished Checchi numerous times but have taken only weak measures to protect the plaintiff, the enforcement process and the citizens of the Municipality and Village.

29. But Checchi's derelictions of duty continued.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

4 of 14

30. The municipality's and village's officials, including defendant police chief Lake and the municipal manager, Wendy Harrison, promised a complete investigation but failed to follow through regarding plaintiff's complaints about Checchi's harassment of her, his derelictions of duty and the threat to the citizens of the municipality by their inaction.

31. Defendant Checchi deliberately offends, abuses and fails to cooperate with plaintiff in the workplace.

32. Defendant Checchi's conduct exaggerates the pressure on plaintiff in performing her duties.

33. Defendant Checchi's conduct causes plaintiff's work environment to be toxic, causing extreme emotional distress for plaintiff.

## FIRST CAUSE OF ACTION: GENDER DISCRIMINATION - VIOLATION OF VERMONT'S FAIR EMPLOYMENT PRACTICES ACT (21 V.S.A. CHAPT. 5, SUBCHAPT. 6)

34. The plaintiff incorporates the paragraphs 1-33 and the allegations into this cause of action.

35. Checchi's harassment of plaintiff was unremitting, threatening and caused plaintiff to suffer anxiety.

36. As a female, the plaintiff is a member of a class of individuals protected from discrimination under the Vermont Fair Employment Practices Act, 21 V.S.A., Chapter 5, Subchapter 6.

37. Checchi's harassment was directed against plaintiff because of her gender.

38. Checchi did not harass, abuse or threaten similarly situated male employees.

39. The defendants ignored the protections plaintiff enjoys under the Act.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

5 of 14

40. Plaintiff complained to her employers, the Village and the Municipality, about Checchi's harassment of her.

41. Plaintiff brought concerns about the sergeant to the chief's attention multiple times; in summer 2018, she first brought Checchi's treatment of her to Lake; he promised her, "I'll handle it."

42. Lake and other defendants failed to respond, correct the hostile work environment or correct Checchi's behavior towards her.

43. The Village and the Municipality ignored plaintiff's complaints about Checchi's harassment of her.

44. The work environment became intolerable for plaintiff, forcing her to resign.

45. Checchi's conduct, together with that of the Village and the Municipality violated the Act's provisions prohibiting gender discrimination in employment.

46. The combination of Checchi's harassment, abuse and threats towards plaintiff and the failure of the Village or the Municipality to protect plaintiff from the same constitute harassment and abuse.

47. There was no legitimate, non-discriminatory reason for the defendants' conduct.

48. In forcing plaintiff to resign, the defendants violated the Act.

49. For defendants' conduct and its discriminatory conduct, plaintiff demands judgment against them for gender discrimination.

50. Plaintiff also demands a monitory award as provided in the Act – for compensatory and punitive damages, lost compensation and benefits, reasonable attorney's fees and reimbursement for costs of this action.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

6 of 14

## SECOND CAUSE OF ACTION:
## ILLEGAL RETALIATION – VIOLATION OF VERMONT'S FAIR EMPLOYMENT PRACTICES ACT
## (21 V.S.A., CHAPT. 5, SUBCHAPT. 6)

51. Plaintiff incorporates paragraphs 1-50 and the allegations into this cause of action.

52. The Act also forbids employers from retaliating against employees who complain about discrimination against them.

53. After plaintiff complained about their gender discrimination against her, defendants retaliated against her by ignoring her complaints and permitting Checchi to continue abusing, threatening and harassing her.

54. Defendants' actions caused plaintiff to experience a hostile working environment.

55. Defendants' actions caused plaintiff to resign, a forced resignation – a constructive discharge from employment.

56. In forcing plaintiff to resign, the defendants violated the Act.

57. For defendants' conduct, its discriminatory conduct and retaliation against her, plaintiff demands judgment against them for illegal retaliation.

58. Plaintiff also demands a monetary award as provided in the Act – for compensatory and punitive damages, lost compensation and benefits, punitive damages, reasonable attorney's fees and reimbursement for costs of this action.

## THIRD CAUSE OF ACTION:
## ILLEGAL SEXUAL HARASSMENT AGAINST DEFENDANT LAKE – VIOLATION OF VERMONT'S FAIR EMPLOYMENT PRACTICES ACT
## (21 V.S.A., CHAPT. 5, SUBCHAPT. 6)

59. Plaintiff incorporates paragraphs 1-58 and the allegations into this cause of action.

60. All employers have an obligation to ensure a workplace free of sexual harassment.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

7 of 14

61. Defendant Lake sexually assaulted plaintiff, touching her between the legs on at least one occasion.
62. Lake was constantly expressing inappropriate sex-related remarks in plaintiff's presence.
63. Lake was repeatedly showing pictures of naked women around the police station.
64. Lake often sent plaintiff explicitly sexual text messages.
65. Plaintiff complained to defendant municipal manager and brought examples to the municipal manager but she failed to take any action to curtail or terminate Lake's sexual harassment of plaintiff.
66. Defendants Village and Municipality failed to take any action to curtail or terminate Lake's illegal sexual harassment of her.
67. Defendants Lake, the Village and the Municipality failed to uphold their legal duty to ensure a workplace free of sexual harassment.
68. When he engaged in the conduct described herein, Lake was not acting within the scope of his employment or duties.
69. For defendants' failure to uphold their legal duty to ensure a workplace free of sexual harassment plaintiff demands judgment against them.
70. Plaintiff also demands a monetary award as provided in the Act – for compensatory and punitive damages, lost compensation and benefits, reasonable attorney's fees and reimbursement for costs of this action.

## FOURTH CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANTS LAKE & CHECCHI

71. Plaintiff incorporates paragraphs 1-70 and the allegations into this cause of action.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

8 of 14

72. Defendant Checchi frequently lied to plaintiff, as the department's dispatcher, about the status of criminal cases.

73. Checchi's lied about the status of criminal cases in order to cause her severe emotional distress.

74. An example of Checchi's deliberate attempt to inflict severe emotional distress on the plaintiff: Checchi usually enters active duty status each day and fails to inform plaintiff, as the department's dispatcher, that he is on duty or his whereabouts; his actions violate standard departmental practice and present safety issues, as the dispatcher needs to know whether or not an officer is in service and available to respond to calls for service and the dispatcher is expected to know the whereabouts of all the officers at all times in case one of them suddenly needs back-up; the dispatcher needs to ascertain the status of all officers' welfare when they are at potentially dangerous calls for service.

75. Checchi's behavior makes it impossible to know his status each day or keep an accurate radio log for him.

76. The result of Checchi's conduct is severe emotional distress for plaintiff under such circumstances, deliberately inflicted upon plaintiff.

77. Checchi engaged in a continuous flow of negativity about and towards plaintiff in the workplace, creating a hostile work environment and causing her to suffer extreme distress, anxiety, depression, insomnia, humiliation, embarrassment, stomach aches and even stomach ulcers.

78. Plaintiff's physician strongly advised plaintiff to resign from the police department to preserve her health and escape from the continuous mistreatment by Checchi towards her.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

9 of 14

79. Lake's physical touching of plaintiff and his displaying photos of naked females caused plaintiff to suffer extreme emotional distress.

80. Checchi's actions towards the plaintiff caused plaintiff to suffer extreme emotional distress.

81. Lake's and Checchi's motivation for harassing plaintiff were deliberately motivated to cause plaintiff to suffer extreme emotional distress.

82. Lake's and Checchi's actions towards plaintiff were extreme and outrageous.

83. When Lake and Checchi engaged in the conduct described herein, they were not acting within the scope of their employment or duties.

84. Defendants intended their remarks and attacks to inflict emotional distress.

85. Malice motivated Lake and Checchi's actions against the plaintiff.

86. Plaintiff demands judgment against defendants for intentional inflictions of emotional distress and the extreme emotional distress it caused plaintiff to suffer.

87. Plaintiff also demands an award of monetary damages against the defendants for compensatory and punitive damages, lost compensation and benefits, reasonable attorney's fees and reimbursement for costs of this action.

## FIFTH CAUSE OF ACTION:
## DEFAMATION – AGAINST DEFENDANT CHECCHI

88. The plaintiff incorporates the foregoing paragraphs 1-87 and the allegations into this section.

89. Where an employer or co-worker makes false and harmful (defamatory) statements about another employee or former employee, that it published, without privilege, to a third party, with fault or at least negligence (carelessness), and either caused actual

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

10 of 14

harm to reputation or the defamatory statement is of a nature that the law presumes it to have caused such harm, the perpetrator may be liable for defamation.

90. As delineated above and below, on numerous occasions and continuing frequently, defendant Checchi expressed false, negative observations and accusations to others about the plaintiff.

91. Defendant Checchi's false, negative observations and accusations to others about the plaintiff, a co-worker, were expressions of false and harmful (defamatory) statements about the plaintiff – and he expressed them, without privilege, to at least one third party, with fault or at least negligence (carelessness).

92. Checchi's false, negative observations and accusations about plaintiff caused actual harm to plaintiff's reputation.

93. Checchi's false, negative observations and accusations about plaintiff were defamatory statements of a nature that the law presumes it to have caused such harm.

94. Checchi's false, negative observations and accusations about plaintiff caused harm to her reputation, and even if not actual monetary damage, may entitle her to money damages without proving actual monetary loss as defamation "*per se*."

95. Checchi's false, negative observations and accusations about plaintiff caused reputational damages to plaintiff.

96. Checchi frequently enters plaintiff's dispatch room and stands behind the upright portion of her desk so that she can't see him and whispers to other people in the room, distracting her from her duties and causing her to experience anxiety.

97. Another example of defendant Checchi's defamatory negative observations and accusations about plaintiff occurred on October 24, 2019, when Checchi expressed false, negative observations and accusations about plaintiff at a K9 training at the

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

11 of 14

Vermont Police Academy ("VPA"); he expressed derogatory, negative and defamatory observations about plaintiff to other K9 handlers/trainers.

98. Checchi also lied to plaintiff's family member about negative comments he claimed she made about the family member, deliberately to cause family turmoil, emotional distress and anxiety for plaintiff.

99. These examples are only a few of Checchi's deliberate attempts to cause plaintiff to suffer extreme emotional distress; his actions against her are numerous and virtually continuous.

100. Checchi's actions demonstrated his malice towards plaintiff and/or reckless disregard of plaintiff's rights.

101. Checchi's actions against plaintiff were outrageous.

102. Checchi's actions caused plaintiff to suffer extreme emotional distress.

103. Checchi's conduct forced plaintiff to resign from her position because of the impact of his conduct on plaintiff and her health.

104. Checchi's false, negative observations and accusations about plaintiff caused plaintiff to experience reputational loss, and monetary losses; plaintiff demands judgment for defamation *per se* against Checchi and an award of monetary damages in an amount to compensate her for Checchi's defamation *per se* monetary damages for her.

105. Checchi's conduct constituted defamation against plaintiff.

106. When Checchi engaged in the conduct described herein he was not acting within the scope of his employment or duties.

107. Plaintiff demands judgment against Checchi for his defamatory false, negative observations and accusations about plaintiff that caused her reputational injury.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

12 of 14

108. Plaintiff demands an award against Checchi in amounts that will adequately compensate her for the extreme emotional distress she suffered, plus compensatory and punitive damages in amounts the jury deems appropriate for the damage Checchi inflicted on the plaintiff, including her forced resignation or constructive discharge from employment.

### SIXTH CAUSE OF ACTION: *PROMISSORY ESTOPPAL* (BREACH OF IMPLIED CONTRACT)

109. The plaintiff incorporates the foregoing paragraphs 1 – 108 and the allegations into this section.

110. When Lake, the Village and the Municipality indicated they would resolve the hostile working environment, or "handle it," and other expressions about relieving plaintiff from Checchi's abuse, threats and harassment towards her, the expressions constituted promises they would take action to do so.

111. Plaintiff relied to her detriment on defendants' promises of relief from Checchi's abuse, threats and harassment towards her.

112. Defendants' promises became enforceable promises of relief from Checchi's abuse, threats and harassment towards her and gave plaintiff the assurance she could continue employment with defendants.

113. The enforceable promise was an implied contract between the defendants and plaintiff.

114. When defendants failed and/or refused to comply with their promises and/or the implied contract to relieve plaintiff of the hostile working environment, it caused her to suffer continued abuse, threats and harassment.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

13 of 14

115. Defendants breached the implied contract to investigate her claims and relieve her of Checchi's abuse, threats and harassment towards her, as well as the hostile working environment.

116. When Lake engaged in the conduct described herein he was not acting within the scope of his employment or duties.

117. For defendants' breach of implied contract, plaintiff demands judgment against Lake, the Village and the Municipality and an award of monetary damages including compensatory and punitive damages, lost compensation and benefits, reasonable attorney's fees and reimbursement for costs of this action.

DATED: 03/13/2020 .                                     **ALISHA BEAM, PLAINTIFF**

By: _/s/ Watts_
Norman E. Watts
Watts Law Firm, PC
Counsel for Plaintiff
info@wattslawvt.com

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

14 of 14